IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GENE M. SPENNATI,  :
: 
    Petitioner  :
:
v.  :   CIVIL NO. 4:CV-13-1919
:
COMMONWEALTH OF PA.,  :   (Judge Brann)
:
    Respondent  :

**MEMORANDUM**

April 17, 2015

Gene M. Spennati, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania, (SCI-Somerset), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. By Order dated September 20, 2013, Petitioner's motions to supplement (Docs. 5 & 6) were granted and his incorporated supplements were accepted. Service of the Petition and supplements was previously ordered

Petitioner states that he entered a guilty plea to multiple drug related charges in the Court of Common Pleas of Huntingdon County, Pennsylvania on March 8, 2012. As a result of his plea, Spennati was sentenced to a 3 ½ to 7 year term of imprisonment. Petitioner acknowledges that he did not file a direct appeal

1

or otherwise challenge his conviction and sentence.

Petitioner initially asserts that he should be awarded federal habeas corpus relief on the grounds that he is incarcerated "without a written judgment of sentence order."[1]  Doc. 1, Ground One.   There is also a vague argument set forth in Petitioner's supplements that the courts of the Commonwealth of Pennsylvania lack jurisdiction to enact a criminal code or  criminal statutes.  See  Doc. 6.

Respondent argues that Petitioner is not entitled to federal habeas corpus relief because Spennati failed to exhaust his state court remedies and his claims are meritless.

**Discussion**

**Timeliness**

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

---

[1] Based upon a review of the record, Spennati's subsequently submitted supplements included a copy of an March 8, 2012 Order by the Judge Stewart Kurtz of the Court of Common Pleas of Huntingdon County which accepted Petitioner's guilty plea (Doc. 5, p. 2) and a copy of a sentencing Order issued that same day by Judge Kurtz (Id. at p. 3).   By providing this Court with those documents, it is unclear as to whether Petitioner still wishes to pursue his initial argument.

> limitation period shall run from the latest of -
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Respondent initially notes that since "the trial court was willing to entertain Spennati's post-plea habeas petition as a PCRA petition and that no Pennsylvania Court has held that the petition was not properly filed, it seems that the period from June 15, 2012 until April 24, 2013 is excludable from the calculation of the AEDPA limitation period, which does appear to render the instant habeas petition timely."[2]  Doc. 14, p. 4.

According to Spennati, his pending Petition was given to prison officials on July 1, 2013 for the purpose of being mailed to this Court. See Doc. 1, p. 14. Under the standards announced in Houston v. Lack, 487 U.S. 266, 276 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for

---

[2] Pennsylvania's Post Conviction Relief Act (PCRA). The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

mailing to the Court), the Petition will be deemed filed as of July 1, 2013. It is also undisputed that Petitioner's plea was entered and his sentence imposed on March 8, 2012 and that no direct appeal was filed.

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. In light of Respondent's acknowledgment that a post sentence motion by Spennati which was construed as a properly filed PCRA action was pending from June 15, 2012 to April 24, 2013, this Court agrees that this matter is timely.

**Exhaustion**

Respondent contends that the Petition is subject to dismissal because "Spennati has never presented any of the claims raised in the instant petition to any Pennsylvania Court." Doc. 14, p. 6. The response explains that no direct appeal was filed; a post sentence motion by Spennati which was construed as seeking PCRA relief was voluntarily discontinued by Petitioner's court appointed counsel prior to any merits consideration; and no claim regarding the legality of Petitioner's March 8, 2012 plea and sentence has ever been presented to any Pennsylvania state appellate court.

The Respondent adds that Petitioner's pending claims have been procedurally defaulted in Pennsylvania state court and since he has not established

cause or prejudice to excuse his procedural default, this Court cannot entertain his pending action.  See id., p. 7.  The Petition generally indicates that exhaustion is not required and Spennati's reply does not address the non-exhaustion argument.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[3]  The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

---

[3] However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The United States Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227,

1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted, not unexhausted. A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Beard v. Kindle, 558 U.S. 53, 55 (2009). Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

As previously discussed, Petitioner's pending action claims entitlement to

7

federal habeas corpus relief on the grounds that his incarceration is illegal due to the absence of a proper written judgment of sentence and because the Commonwealth of Pennsylvania lacks jurisdiction to enact a criminal code or criminal statutes. Since it is undisputed that Petitioner did not file a direct appeal and withdrew his PCRA action prior to any consideration by any state court on the merits, his pending claims are clearly unexhausted.[4]

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir.1993). Such a claim is procedurally defaulted, not unexhausted, and may be entertained in a federal habeas petition if there is a basis for excusing the procedural default. Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

"Cause" for a procedural default is demonstrated by showing that some objective external factor impeded a petitioner's efforts to comply with the state

---

[4] Petitioner's vague wholly unsupported contention that exhaustion is not required is not compelling.

procedural rule.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  A petitioner established prejudice only by showing that the errors worked to his actual and substantial disadvantage infecting his entire proceeding with error of constitutional dimensions.  See  United States v. Frady, 456 U.S. 152, 170 (1982).  In  order to set forth a viable fundamental miscarriage of justice argument, a petitioner must present new reliable evidence which supports a claim of actual innocence.  See Schlup v. Delo, 513 U.S. 298, 317 (1995).

   In light of the passage of time since Petitioner's  March 8, 2012 guilty plea and sentence and the failure of Petitioner's reply to address this issue, this Court agrees that state court review is foreclosed under Pennsylvania state procedural law.  Based upon a thorough review of the record, Spennati has failed to establish cause for the procedural default of his pending habeas claims and resulting prejudice.  Petitioner has also not shown that failure to entertain his procedurally defaulted claims will result in a fundamental miscarriage of justice as contemplated under Schlup.

   Pursuant to the above discussion, Petitioner has failed to satisfy his burden of showing cause and prejudice for his procedural default. Consequently, Spennati's  habeas corpus arguments cannot be entertained by this Court. An appropriate Order will enter.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge